IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MARTHELLA BROADUS, #42052-177,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:12-CV-1273-B-BK | |
| § | (3:10-CR-0183-B(01)) | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. Petitioner, a federal prisoner, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court did not require the Government to respond. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed without prejudice.

### I.  ANALYSIS

In April 2012, following her guilty pleas to wire fraud and arson, Petitioner was sentenced to consecutive 120-month terms of imprisonment and a 3-year term of supervised release, and was ordered to pay $1,729,115.95 in restitution. *United States v. Broadus*, 3:10-CR-0183-B(01) (N.D. Tex., Dallas Div., Apr. 6, 2012). Petitioner's timely direct appeal is pending before the United States Court of Appeals for the Fifth Circuit. *See Broadus v. United States*, No. 12-10395.

A district court does not entertain a section 2255 motion during the pendency of a direct appeal because "the disposition of the appeal may render the motion moot." *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968), *abrogated on other grounds*, *United States v. Ortega*, 859 F.2d 327 (5th Cir. 1988); *see also Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).

Therefore, Petitioner's section 2255 motion should be dismissed without prejudice.

## II.  RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DISMISSED** without prejudice to Petitioner reasserting it after the United States Court of Appeals for the Fifth Circuit has ruled on her direct criminal appeal.[1]

SIGNED April 26, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] There is a one-year statute of limitations for filing motions to vacate, set aside, or correct sentence, which will apply to any subsequent habeas action Petitioner files in this Court.  28 U.S.C. § 2255(f)(1)-(4).